IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDRA LOPEZ,<br><br>      Plaintiff,<br><br>      v.<br><br>FIRST NATIONAL OF NEBRASKA, INC.<br><br>      Defendant. | No.  8:011-cv-00161<br><br>**PROTECTIVE ORDER** |

      This matter comes before the Court on the Stipulation for Protective Order filed by Plaintiff Alexandra Lopez ("Lopez") and Defendant First National of Nebraska, Inc. ("FNNI"). Lopez and FNNI shall be referred to herein as the "Parties."  The Court, being fully advised in the premises, hereby orders that all documents, materials, things, information, answers, pleadings, testimony, and other discovery information or items produced by the Parties and non-parties are governed by the following:

      In this action, the parties are seeking information, including Confidential Information (as defined in Paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business interests.  The Parties also assert that the need for a Protective Order also applies to any information or materials produced by a non-party as a result of discovery subpoenas or other requests.  The Parties have entered into this Joint Stipulation for Protective Order and request the Court enter a Protective Order for the purpose of preventing the disclosure and use of Confidential Information by any Party or non-party except as set forth herein.  The terms of the Protective Order shall apply to any information or materials produced by any Party or non-party

as part of discovery in this action. Each and every attorney with the law firms representing the Parties in this case shall be deemed to be subject to the Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

1. <u>Definition of Confidential Information</u>. Under the terms of the Protective Order, "<u>Confidential Information</u>" means any document, file, electronic material, portions of files, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the Parties or a non-party in the manner provided in Paragraph 4 below as containing or comprising confidential research, development, sales data, financial information or other trade secrets or proprietary business information. In connection with the Protective Order, "<u>Confidential Material</u>" shall be information or materials the release of which would harm the commercial or business interests of the designating Party. Such materials may only be so designated as Confidential if they are not otherwise publicly available.

2. <u>Designation of Confidential Information</u>. Where any kind of Confidential Information is produced, provided or otherwise disclosed by a Party or a non-party in response to any discovery request or subpoena, including by means of entry onto land or premises or by inspection of books, records, documents, or tangible things, such Confidential Information will be designated in the following manner:

    a. By imprinting the words "<u>Confidential</u>" as appropriate, on at least the first page or cover of any document produced;

    b. By imprinting the words "<u>Confidential</u>" as appropriate, next to or above any response to a discovery request; and

c. With respect to transcribed testimony, either during the deposition on the record, or by giving written notice to opposing counsel sufficient to designate such portions as "Confidential" as appropriate, no later than 10 calendar days after receipt of the transcribed testimony.

During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may give notice on the record that testimony about to be given is deemed "Confidential" as appropriate. If during the course of a deposition, a document or other material that has previously been designated "Confidential" is used, then that particular portion of the deposition shall be deemed to be subject to the same level of protection accorded to the designated document without further need of any written designation of the deposition transcript by the designating party.

3. Restrictions on Confidential Information. All Confidential Information provided by a Party or a non-party in response to a discovery request or as transcribed testimony shall be subject to the following restrictions:

a. Confidential Material:

   i. Confidential Material shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

   ii. Confidential Material shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation.

   iii. Confidential Material may only be disclosed or communicated to the following persons:

(a) The Parties' outside counsel of record in this action and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

(b) The Parties' in-house counsel;

(c) Third Party Consultants or Expert Witnesses;

(d) Graphics or design services firms retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

(e) Non-technical jury or trial consulting services retained by counsel for a Party;

(f) Document reproduction or coding services retained by counsel for a Party;

(g) Witnesses in the above-captioned action; or

(h) The finder of fact or concluder of law.

4. <u>Use of Confidential Materials in Court Proceedings</u>. In the event any material designated Confidential is used in any court filing or legal proceeding, including, but not limited to, its use at trial, it shall not lose its confidential status as between the Parties through such use. All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose any Confidential Information, shall be filed under seal pursuant to any rules or orders pertaining to the filing of information and documents under seal.

5. <u>Continuing Duty</u>. The termination of this action shall not relieve counsel, the Parties, or other persons obligated hereunder from their responsibility to maintain the

confidentiality of Confidential Information pursuant to the Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of the Protective Order. The Parties agree that in no event shall the obligations of the Protective Order continue beyond two years from the final disposition of this matter, by order, settlement or otherwise.

6.  <u>Protective Order Not Admission</u>. By agreeing to the entry of the Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Furthermore, by producing or receiving information or material designated Confidential or by otherwise complying with the terms of the Protective Order, such conduct shall not be deemed to:

   a. Operate as an admission by any Party that any designated material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

   b. Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any designated information;

   c. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

   d. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to the Protective Order;

   e. Prejudice in any way the rights of any Party to seek a determination by the Court, whether any information or material should be subject to the terms of the Protective Order, including, but not limited to, designations made by a non-party;

  f. Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Information; or

  g. Prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

  7. <u>Obligations After Final Disposition</u>.  The provisions of the Protective Order shall, absent written permission of the producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including any appeals or remands. Within a reasonable time after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information shall return such materials and all copies thereof (including summaries and excerpts) to counsel for the producing Party or shall certify destruction thereof.  The outside counsel for each Party shall be entitled to retain court papers, deposition transcripts, and attorney work product that contains, reflects or summarizes Confidential Information, provided that such counsel, and employees of such counsel, shall not disclose any such Confidential Information to any person or entity except pursuant to a written agreement with the producing Party.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

  8. <u>No Bar to Seeking Further Relief</u>.  Nothing in the Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

9. <u>Treatment of Confidential Information at Trial</u>. In the event any Confidential Information is to be used in any court or any appeal therefrom, counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such proceeding, and shall move the Court to incorporate such procedures.

10. <u>Examination of Witnesses Regarding Confidential Information</u>. Any person may be examined as a witness at trial or during a deposition concerning any Confidential Information which that person had lawfully received or authored prior to and apart from this action. During such examination, any such witness may be shown Confidential Information which appears on its face or from other documents or testimony to have been received or authored by that witness. Whenever a person appears from the face of a document that has been designated Confidential Information to have been the author or lawful recipient of that document, such person may be shown, but not permitted to retain custody of, that specific document shown to them despite the restrictions on access set out in Paragraph 4 of the Protective Order.

11. <u>Inadvertent Production of Undesignated/Misdesignated Confidential Information</u>. If a Party inadvertently produces Confidential Information without marking it as such, or with a designation that is insufficient for the level of confidentiality that should be attached to the material, it may be disclosed to others until the receiving Party becomes aware of the error, *unless* it appears from the face of the material that it contains nonpublic, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party. As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely and correctly designated under the Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it

distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

12. <u>Inadvertent Production of Privileged Materials</u>. If a Party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute a waiver of any applicable privileges. In such circumstances, the producing Party must immediately notify the receiving Party of the inadvertent production and request the return or confirmed destruction of the privileged materials. Within five business days of receiving such notification, the receiving Party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production.

13. <u>Binding Effect of Protective Order Before Entry by Court</u>. The Parties agree to be bound by the terms of the Protective Order pending its entry by the Court, even if this action is ultimately dismissed. Any violation of the terms of the Protective Order prior to its entry, or prior to the entry of an alternative order, shall be subject to the same sanctions and penalties as if the Protective Order had been entered as an order of the Court.

14. <u>Obligations Under Subpoena in Other Action</u>. If a Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a Party to this action, seeking Confidential Information which it received from the other Party, the Party so served shall give prompt, written notice to the producing Party, by hand or electronic service, within 10 business days of its receipt of such subpoena, demand, or legal process. The Party so served shall also object to the production of the requested Confidential Information to the extent permitted by law. Should the person

seeking access to the information or material take action against the Party, or anyone else covered by the Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of the Protective Order. Nothing herein shall be construed as requiring the Party, or anyone else covered by the Protective Order, to challenge or appeal any order requiring production of information or material covered by the Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

15. If a non-party is called upon, by subpoena or otherwise, to provide or produce nonpublic documents, information or things that the non-party reasonably and in good faith believes are confidential, the non-party may designate such documents, information or things as Confidential in the manner set forth in the Protective Order. The producing non-party shall have the same rights and obligations as a Party with regard to such documents, information or things.

Dated this 13th day of September, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge